SIDNEY A. MAJALYA (CA Bar No. 205047)
JACKLIN CHOU LEM (CA Bar No. 255293)
MANISH KUMAR (CA Bar No. 269493)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA  94102
Telephone:  (415) 436-6660
Fax: (415) 436-6687
sidney.majalya@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. CR 11-00724-RS |
| v. | **UNITED STATES' AND DEFENDANT HLDS'S JOINT SENTENCING MEMORANDUM AND UNITED STATES' MOTION FOR DEPARTURE** |
| HITACHI-LG DATA STORAGE, INC., | |
| Defendant. | DATE:      November 8, 2011 |
| | TIME:      2:30 p.m. |
| | COURT:  Hon. Richard Seeborg |

The United States of America and the defendant, Hitachi-LG Data Storage, Inc. ("HLDS"), file this Joint Sentencing Memorandum in support of their recommendation that this Court sentence HLDS to pay an agreed criminal fine of $21.1 million, payable in installments with interest over three years.  In support of the parties' Joint Sentencing Memorandum, the United States has filed separately, under seal, the Declaration of Sidney A. Majalya ("Majalya Declaration").  A copy of the HLDS Plea Agreement, which is pursuant to Fed. R. Crim. P. 11(c)(1)(C), is attached to this Joint Sentencing Memorandum as Exhibit A.

The parties understand that this Court is disinclined to exercise its discretion to order immediate or expedited sentencing under Crim. L.R. 32-1(b).  Nevertheless, the parties hereby inform the Court that Defendant HLDS has waived its right to a presentence report and the

JOINT SENTENCING MEMORANDUM
CR 11-00724-RS

parties are prepared to move forward to the sentencing phase of these proceedings immediately. The parties respectfully submit that this memorandum, the supporting Majalya Declaration, and the Plea Agreement provide sufficient information for this Court to meaningfully exercise its sentencing authority pursuant to Crim. L.R. 32-1(b), should the Court elect to do so.  The parties are, however, fully prepared to follow the Court's instructions should the Court require additional information from the parties or request that a presentence report be prepared.

## **INTRODUCTION**

On September 30, 2011, the United States filed an Information charging HLDS with fourteen counts of violating the Sherman Antitrust Act, 15 U.S.C. § 1, and one count of wire fraud, 18 U.S.C. § 1343.  The Information charges HLDS with participating in a series of conspiracies to suppress and eliminate competition by rigging optical disk drive ("ODD") procurement events or fixing the prices of ODDs sold in the United States and elsewhere between approximately June 2004 and September 2009.  The Information further charges HLDS with devising a scheme and artifice to defraud in connection with a single ODD procurement event occurring in April 2009.  HLDS is scheduled for a change of plea before this Court on November 8, 2011 at 2:30 p.m.  HLDS will waive indictment and plead guilty under Fed. R. Crim. P. 11(c)(1)(C).

## **BACKGROUND**

HLDS is the first corporation to be charged in the United States' ongoing antitrust investigation into anticompetitive conduct in the ODD industry.  The accompanying Majalya Declaration provides further detail about the investigation, background on HLDS, and HLDS's role in the charged conduct.  *See* Majalya Decl. ¶¶ 4–17.

Shortly after the ODD investigation went overt, HLDS indicated a willingness to cooperate with the grand jury investigation.  Since that time, HLDS has provided valuable cooperation to the Antitrust Division in the course of its investigation, including providing access to witnesses and documents.  HLDS is obligated to continue to provide such cooperation with the government's investigation pursuant to the cooperation terms of the Plea Agreement.  These continuing obligations will include cooperation on all ODD products and

JOINT SENTENCING MEMORANDUM
CR 11-00724-RS

will also include the cooperation of HLDS's current and former employees, with the exception of four specified individuals in the Plea Agreement who remain subject to prosecution. *See* Exh. A (Plea Agreement) at ¶¶ 16(c), 19(a).

Civil litigation related to the ODD industry commenced in October 2009 after Sony Corporation publicly disclosed that one of its U.S. subsidiaries, Sony Optiarc America Inc., had received a grand jury subpoena. By order of the United States Judicial Panel on Multidistrict Litigation, a number of direct and indirect purchaser complaints against HLDS and other sellers of ODDs and ODD products were ordered transferred to this district for coordinated pretrial proceedings (*In Re Optical Disk Drive Antitrust Litigation*, Case No. 3:10-MD-02143 RS, MDL No. 2143). Two consolidated complaints were filed – one on behalf of a putative class of direct purchasers, and one on behalf of indirect purchasers. On August 3, 2011, this Court dismissed both complaints with leave to amend (Dkt. No. 393). The plaintiffs recently filed second amended consolidated complaints (Dkt. Nos. 407 & 427), and the defendants have filed or are in the process of filing motions to dismiss, which are presently pending before this Court (*see, e.g.,* Dkt. Nos. 434, 436, 438, 441, 442, and 445).

## MATERIAL TERMS OF PLEA AGREEMENT

The material terms of the Plea Agreement include:

1.    HLDS will waive indictment, waive all rights as enumerated in the Plea Agreement, and plead guilty under Fed. R. Crim. P. 11(c)(1)(C) to each of the charges in a fifteen-count Information. Counts One through Fourteen of the Information charge HLDS with participating in conspiracies to suppress and eliminate competition by rigging ODD procurement events hosted by Dell, Inc. or Hewlett-Packard Company ("HP") at various times between approximately June 2004 and approximately September 2009, or by fixing the prices of ODDs sold to the Microsoft Corporation from approximately June 2007 to approximately March 2008, all in violation of the Sherman Antitrust Act, 15 U.S.C. § 1. Count Fifteen of the Information charges HLDS with devising a scheme and artifice to defraud in connection with an ODD procurement event hosted by HP in or about April 2009, in violation of 18 U.S.C. § 1343. At all relevant times, HLDS was engaged in the sale of ODDs in the United States

and elsewhere.

2.       The parties agree that the appropriate sentence in this case is a fine of $21.1 million, no restitution, a special assessment of $400 per count (for a total of $6,000), and no term of probation.  In the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), the recommended fine will be paid in the following installments: within thirty (30) days of imposition of sentence – $6.1 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") – $5 million (plus any accrued interest); at the two-year anniversary – $5 million (plus any accrued interest); and at the three-year anniversary – $5 million (plus any accrued interest).  HLDS will have the option at any time before the three-year anniversary of prepaying the remaining balance (plus any accrued interest) then owing on the fine.  HLDS agrees to have its sentence determined under the United States Sentencing Guidelines ("U.S.S.G." or "Guidelines"), although HLDS understands that the Guidelines are advisory, not mandatory.

3.       The United States has agreed not to seek restitution.  In light of the availability of civil causes of action, including In Re: Optical Disk Drive Products Antitrust Litigation, Case No. M:10-2143 RS, consolidated before this Court, which potentially provide for a recovery of a multiple of actual damages for violations of the Sherman Act (15 U.S.C. § 15, et seq.), and because determining complex issues of fact related to the causes or amount of the victims' losses for the charged offenses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process (18 U.S.C. § 3663A(c)(3)(B) and U.S.S.G. §8B1.1(b)(2)), the recommended sentence does not include a restitution order for the offenses charged in the Information.  See Majalya Declaration at ¶¶ 25–28.

4.       The United States agrees that it will not bring further criminal charges against HLDS and its current and former directors, officers, and employees (except for the individuals specifically excluded from the HLDS Plea Agreement) for their participation in the ODD conspiracies.  See Plea Agreement at ¶ 18.  In return, HLDS agrees to cooperate fully and truthfully in the ongoing ODD investigation.  HLDS also agrees to use its best efforts to

JOINT SENTENCING MEMORANDUM
CR 11-00724-RS

secure the cooperation of its current and former directors, officers, and employees, including making them available in the United States for interviews and producing documents located outside the United States and translations of those documents when necessary.

## UNITED STATES SENTENCING GUIDELINES CALCULATIONS

HLDS and the United States agree that the Court should consider the United States Sentencing Guidelines in effect at the time of sentencing.  The parties have agreed that the appropriate fine range is $23.5–$47.0 million.  Further discussion of the relevant Sentencing Guidelines provisions is provided in the Majalya Declaration at ¶¶ 20–24.  As requested below and more fully explained in the Majalya Declaration, the parties have agreed to recommend that the fine imposed be reduced from the Guidelines minimum, based on HLDS's substantial assistance to the government's ongoing investigation.

## MOTION FOR DOWNWARD DEPARTURE

The United States hereby moves, pursuant to §8C4.1 of the Sentencing Guidelines, for a downward departure from the minimum Guidelines fine to a fine of $21.1 million, due to the substantial assistance provided by HLDS in the investigation of other organizations that have committed antitrust and related offenses.  This assistance will continue to be provided by HLDS pursuant to the terms of its Plea Agreement, should the Court accept it.  HLDS's cooperation and substantial assistance is detailed in the accompanying Majalya Declaration at ¶¶ 18, 19, and 29–34.

//
//
//
//
//
//
//
//
//

JOINT SENTENCING MEMORANDUM
CR 11-00724-RS

1

## CONCLUSION

2

Based on the foregoing, the parties respectfully request that the Court accept the

3

parties' recommendation of a criminal fine of $21.1 million.

4

5

Respectfully submitted,

6

7

BY: _____

8
    Cristina C. Arguedas

BY: _____
    Sidney A. Majalya

9
    Laurel Headley
    Counsel for Hitachi-LG Data Storage, Inc.
    Jacklin Chou Lem
    Manish Kumar

10
    Arguedas, Cassman & Headley LLP
    Trial Attorneys

11
    803 Hearst Avenue
    Berkeley, CA 94710
    U.S. Department of Justice
    Antitrust Division

12
    Telephone: (510) 845-3000
    Fax: (510) 845-3003

13
    admin@achlaw.com

14

Dated: October 27, 2011

Dated: October 27, 2011

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT SENTENCING MEMORANDUM
CR 11-00724-RS

- 6 -