# EXHIBIT A

SIDNEY A. MAJALYA (CA Bar No. 205047)
JACKLIN CHOU LEM (CA Bar No. 255293)
MANISH KUMAR (CA Bar No. 269493)
Antitrust Division
U.S. Department of Justice
450 Golden Gate Avenue
Box 36046, Room 10-0101
San Francisco, CA 94102
Telephone: (415) 436-6660
Fax: (415) 436-6687
sidney.majalya@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. CR 11-00724-RS |
| | ) | |
| v. | ) | |
| | ) | **PLEA AGREEMENT** |
| HITACHI-LG DATA STORAGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

The United States of America and Hitachi-LG Data Storage, Inc. ("HLDS" or

"defendant") hereby enter into the following Plea Agreement pursuant to Rule 11(c)(1)(C) of the

Federal Rules of Criminal Procedure ("Fed. R. Crim. P."):

## <u>RIGHTS OF DEFENDANT</u>

1.     The defendant understands its rights:

(a)     to be represented by an attorney;

(b)     to be charged by Indictment;

(c)     as a corporation organized and existing under the laws of Japan, to decline

to accept service of the Summons in this case, and to contest the jurisdiction of the

United States to prosecute this .case against it in the United States District Court for the

Northern District of California;

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

(d)      to plead not guilty to any criminal charge brought against it;

(e)      to have a trial by jury, at which it would be presumed not guilty of the charges and the United States would have to prove every essential element of the charged offenses beyond a reasonable doubt for it to be found guilty;

(f)      to confront and cross-examine witnesses against it and to subpoena witnesses in its defense at trial;

(g)      to appeal its convictions if it is found guilty; and

(h)      to appeal the imposition of sentence against it.

## AGREEMENT TO PLEAD GUILTY AND WAIVE CERTAIN RIGHTS

2.      The defendant knowingly and voluntarily waives the rights set out in Paragraph 1(b)-(g) above.  The defendant also knowingly and voluntarily waives the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742, that challenges the sentence imposed by the Court if that sentence is consistent with or below the recommended sentence in Paragraph 12 of this Plea Agreement, regardless of how the sentence is determined by the Court.  This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b) and (c).  Nothing in this paragraph, however, shall act as a bar to the defendant perfecting any legal remedies it may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel or prosecutorial misconduct.  The defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.  The defendant also knowingly and voluntarily waives any objection or defense it may have to the prosecution of the charged offenses based on statutes of limitation or venue.  The defendant further states that the waivers in this paragraph are made after fully conferring with, and on the advice of, defendant's counsel, and are made for the defendant's benefit.

3.      Pursuant to Fed. R. Crim. P. 7(b), the defendant will waive indictment and plead guilty to a fifteen-count Information to be filed in the United States District Court for the Northern District of California.  Counts One through Fourteen of the Information charge the defendant with participating in conspiracies to suppress and eliminate competition by rigging

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

1   optical disk drive ("ODD") procurement events hosted by Dell, Inc. ("Dell") or Hewlett-Packard

2   Company ("HP") at various times between approximately June 2004 and approximately

3   September 2009, or by fixing the prices of ODDs sold to the Microsoft Corporation

4   ("Microsoft") from approximately June 2007 to approximately March 2008, all in violation of

5   the Sherman Antitrust Act, 15 U.S.C. § 1.  Count Fifteen of the Information charges the

6   defendant with devising a scheme and artifice to defraud HP in connection with HP's

7   procurement of ODDs in or about April 2009, in violation of 18 U.S.C. § 1343.

8           4.      The defendant, pursuant to the terms of this Plea Agreement, will plead guilty to

9   the criminal charges described in Paragraph 3 above and will make a factual admission of guilt to

10  the Court in accordance with Fed. R. Crim. P. 11, as set forth in Paragraphs 5 and 6 below.

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23   //

24  //

25  //

26  //

27  //

28  //

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

**FACTUAL BASIS FOR SHERMAN ACT OFFENSES CHARGED**

5.     The defendant is charged in Counts One through Fourteen of the Information as summarized below:

| Information Count | Violation | Event Date | ODD Product |
|---|---|---|---|
| One | 15 U.S.C. § 1 (Bid Rigging) | June 2004 (Dell) | 48x Combo Drives |
| Two | 15 U.S.C. § 1 (Bid Rigging) | August 2004 (Dell) | HH CD-RW |
| Three | 15 U.S.C. § 1 (Bid Rigging) | September 2004 (Dell) | Slim 24x Combo Drive |
| Four | 15 U.S.C. § 1 (Bid Rigging) | November 2004 (Dell) | HH DVD-ROM |
| Five | 15 U.S.C. § 1 (Bid Rigging) | March 2005 (Dell) | Slim CD-ROM |
| Six | 15 U.S.C. § 1 (Bid Rigging) | February 2009 (Dell) | HH SATA Tray DVD-RW |
| Seven | 15 U.S.C. § 1 (Bid Rigging) | May 2009 (Dell) | HH DVD-RW and 12.7mm Tray DVD-RW |
| Eight | 15 U.S.C. § 1 (Price Fixing) | June 2007 (Microsoft) | DVD-RW |
| Nine | 15 U.S.C. § 1 (Bid Rigging) | November 2005 (HP) | CD-ROM, CD-RW, DVD-ROM, and Combo Drives |
| Ten | 15 U.S.C. § 1 (Bid Rigging) | August 2006 (HP) | HH PATA and SATA DVD-ROM |
| Eleven | 15 U.S.C. § 1 (Bid Rigging) | August 2007 (HP) | Lightscribe DVD-RW |
| Twelve | 15 U.S.C. § 1 (Bid Rigging) | May, August, and November 2008 & February 2009 (HP) | HH SATA DVD-RW |
| Thirteen | 15 U.S.C. § 1 (Bid Rigging) | July & October 2008 (HP) | 12.7mm SATA DVD-RW |
| Fourteen | 15 U.S.C. § 1 (Bid Rigging) | Supplemental October 2008 (HP) | 12.7mm SATA DVD-RW |

Had this case gone to trial, the United States, would have presented evidence sufficient to prove the following facts for each Sherman Act offense:

(a)     For purposes of this Plea Agreement, the "relevant periods" are time periods that fall between approximately June 2004 and approximately September 2009.

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS
- 4 -

(b)     During the relevant periods, the defendant was a corporation organized and existing under the laws of Japan.  The defendant has its principal place of business in Tokyo, Japan.  The defendant is a joint venture between Hitachi, Ltd., an entity organized and existing under the laws of Japan, and LG Electronics, Inc., an entity organized and existing under the laws of the Republic of Korea.   During the relevant periods, the defendant was engaged in the sale of ODDs in the United States and elsewhere and employed 200 or more individuals.  ODDs are devices that use laser light or electromagnetic waves to read and/or write data.

(c)     During the relevant periods, the defendant, through its officers and employees, including high-level personnel of the defendant, participated in a series of conspiracies with other persons and entities engaged in the sale of ODDs.  The primary purpose of each conspiracy was to rig ODD procurement events hosted by Dell, rig ODD procurement events hosted by HP, or fix the prices of ODDs sold to Microsoft.  In furtherance of these conspiracies, the defendant, through its officers and employees, engaged in discussions and attended meetings with representatives of other major sellers of ODDs.  During these discussions and meetings, agreements were reached to rig ODD procurement events hosted by Dell or HP, or fix the prices of ODDs sold to Microsoft.

(d)     During the relevant periods, ODDs sold by one or more of the conspirator firms, and equipment and supplies necessary to the production and distribution of ODDs, as well as payments for ODDs, traveled in interstate and foreign commerce.  The business activities of the defendant and co-conspirators in connection with the sale of ODDs that were the subjects of the conspiracies were within the flow of, and substantially affected, interstate and foreign trade and commerce.

## **FACTUAL BASIS FOR WIRE FRAUD OFFENSE CHARGED**

6.     Had this case gone to trial, the United States would have presented evidence sufficient to prove the following facts for the wire fraud offense charged in Count Fifteen of the Information:

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

(a)     For purposes of this Plea Agreement, as it relates to Count Fifteen of the Information, the "relevant period" is that period in or about April 2009.

(b)     Paragraph 5(b) of this Plea Agreement is repeated, realleged, and incorporated as if fully set forth in this paragraph.

(c)     During the relevant period, the defendant, through its officers and employees, including high-level personnel of the defendant, devised a scheme and artifice to defraud HP, the primary purpose of which was to submit collusive, noncompetitive, and rigged bids in connection with an ODD procurement event hosted by HP in April 2009.  In furtherance of the scheme, on or about April 22, 2009, the defendant transmitted and caused to be transmitted an e-mail communication from an HLDS employee in Houston, Texas to other participants in the fraudulent scheme who were located in San Jose, California and the Republic of Korea.  The e-mail communication, sent in preparation for HLDS's second round bid, reported on first round bidding results of HP's April 2009 ODD procurement event and conveyed non-public, competitively sensitive information provided by competitors that participated in the procurement event.

## POSSIBLE MAXIMUM SENTENCE FOR SHERMAN ACT OFFENSES

7.     The defendant understands that the statutory maximum penalty that may be imposed against it upon conviction for a violation of Title 15, Section 1 is a fine in an amount equal to the greatest of: (a) $100 million (15 U.S.C. § 1); (b) twice the gross pecuniary gain the conspirators derived from the crime (18 U.S.C. §§ 3571(c) and (d)); or (c) twice the gross pecuniary loss caused to the victims of the crime by the conspirators (18 U.S.C. § 3571(c) and (d)).

8.     In addition, the defendant understands that, upon conviction for each violation of Title 15, Section 1:

(a)     pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)     pursuant to §8B1.1 of the United States Sentencing Guidelines

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

("U.S.S.G.," "Sentencing Guidelines," or "Guidelines") or 18 U.S.C. § 3563(b)(2) or 3663(a)(3), the Court may order it to pay restitution to the victims of the offense; and

(c)  pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment for each count of conviction for the charged crime.

## POSSIBLE MAXIMUM SENTENCE FOR WIRE FRAUD OFFENSE

9.  The defendant understands that the statutory maximum penalty that may be imposed against it upon conviction for a violation of Title 18, Section 1343 is a fine in an amount equal to the greatest of: (a) $500,000 (18 U.S.C. § 3571(c)(3)); (b) twice the gross pecuniary gain any person derived from the offense (18 U.S.C. §§ 3571(c) and (d)); or (c) twice the gross pecuniary loss caused to a person other than the defendant from the offense (18 U.S.C. §§ 3571(c) and (d)).

10.  In addition, the defendant understands that, upon conviction for a violation of Title 18, Section 1343:

(a)  pursuant to 18 U.S.C. § 3561(c)(1), the Court may impose a term of probation of at least one year, but not more than five years;

(b)  pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, the Court shall impose an order of restitution to the victims of the offense unless the court finds, from facts on the record, that determining complex issues of fact related to the cause or amount of the victims' losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process; and

(c)  pursuant to 18 U.S.C. § 3013(a)(2)(B), the Court is required to order the defendant to pay a $400 special assessment upon conviction for the charged crime.

## SENTENCING GUIDELINES

11.  The defendant understands that the Sentencing Guidelines are advisory, not mandatory, but that the Court must consider the Guidelines in effect on the day of sentencing, along with the other factors set forth in 18 U.S.C. § 3553(a), in determining and imposing

sentence.  The defendant understands that the Guidelines determinations will be made by the Court by a preponderance of the evidence standard.  The defendant understands that although the Court is not ultimately bound to impose a sentence within the applicable Guidelines range, its sentence must be reasonable based upon consideration of all relevant sentencing factors set forth in 18 U.S.C. § 3553(a).  Pursuant to U.S.S.G. §1B1.8, the United States agrees that self-incriminating information that the defendant provides to the United States pursuant to this Plea Agreement will not be used in determining the defendant's applicable Guidelines range, except to the extent provided in U.S.S.G. §1B1.8(b).

## SENTENCING AGREEMENT

12.     Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant agree that the appropriate disposition of this case is, and agree to recommend jointly that the Court impose, a sentence requiring the defendant to pay to the United States a criminal fine of $21.1 million payable in installments as set forth below with interest accruing under 18 U.S.C. §§ 3612(f)(1)-(2) and no order of restitution ("the recommended sentence").  The parties agree that there exists no aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the U.S. Sentencing Commission in formulating the Sentencing Guidelines justifying a departure pursuant to U.S.S.G. §5K2.0.  The parties agree not to seek or support any sentence outside of the Guidelines range nor any Guidelines adjustment for any reason that is not set forth in this Plea Agreement.  The parties further agree that the recommended sentence set forth in this Plea Agreement is reasonable.

(a)     The United States and the defendant agree to recommend, in the interest of justice pursuant to 18 U.S.C. § 3572(d)(1) and U.S.S.G. §8C3.2(b), that the fine be paid in the following installments: within thirty (30) days of imposition of sentence – $6.1 million (plus any accrued interest); at the one-year anniversary of imposition of sentence ("anniversary") – $5 million (plus any accrued interest); at the two-year anniversary – $5 million (plus any accrued interest); and at the three-year anniversary – $5 million (plus any accrued interest); provided, however, that the defendant shall have the option at any time before the three-year anniversary of prepaying the remaining balance (plus any

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

accrued interest) then owing on the fine.

(b)     The defendant understands that the Court will order it to pay a $400 special assessment for each count of conviction, pursuant to 18 U.S.C. § 3013(a)(2)(B), in addition to any fine imposed.

(c)     In light of the availability of civil causes of action, including *In Re: Optical Disk Drive Products Antitrust Litigation*, Case No. M:10-2143 RS, consolidated in the United States District Court, Northern District of California before Judge Richard Seeborg, which potentially provide for a recovery of a multiple of actual damages for violations of the Sherman Act (15 U.S.C. § 15, *et seq.*), and because determining complex issues of fact related to the causes or amount of the victims' losses for the charged offenses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process (18 U.S.C. § 3663A(c)(3)(B) and U.S.S.G. §8B1.1(b)(2)), the recommended sentence does not include a restitution order for the offenses charged in the Information.

(d)     Both parties will recommend that no term of probation be imposed, but the defendant understands that the Court's denial of this request will not void this Plea Agreement.

(e)     The United States and the defendant jointly submit that this Plea Agreement, together with the record that will be created by the United States and the defendant at the plea and sentencing hearings, and the further disclosure described in Paragraph 14, will provide sufficient information concerning the defendant, the crimes charged in this case, and the defendant's role in the crimes to enable the meaningful exercise of sentencing authority by the Court under 18 U.S.C. § 3553.  The United States and defendant agree to request jointly that the Court accept the defendant's guilty plea and impose sentence on an expedited schedule as early as the date of arraignment, based upon the record provided by the defendant and the United States, under the provisions of Fed. R. Crim. P. 32(c)(1)(A)(ii), U.S.S.G. §6A1.1, and Rule 32-1(b) of the Criminal

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

Local Rules.  The Court's denial of the request to impose sentence on an expedited schedule will not void this Plea Agreement.

13.    The United States and the defendant agree that the applicable Guidelines fine range exceeds the fine contained in the recommended sentence set out in Paragraph 12 above. Subject to the full, truthful, and continuing cooperation of the defendant, as defined in Paragraph 16 of this Plea Agreement, and prior to sentencing in this case, the United States agrees that it will make a motion, pursuant to U.S.S.G. §8C4.1, for a downward departure from the Guidelines fine range and will request that the Court impose the recommended sentence set out in Paragraph 12 of this Plea Agreement because of the defendant's substantial assistance in the government's investigation and prosecutions of violations of federal criminal law in the ODD industry.

14.    Subject to the full, truthful, and continuing cooperation of the defendant, and before sentencing in this case, the United States will fully advise the Court and the Probation Office of the fact, manner, and extent of the defendant's cooperation and its commitment to prospective cooperation with the United States's investigation and prosecutions, all material facts relating to the defendant's involvement in the charged offenses, and all other relevant conduct.

15.    The United States and the defendant understand that the Court retains complete discretion to accept or reject the recommended sentence provided for in Paragraph 12 of this Plea Agreement.

(a)    If the Court does not accept the recommended sentence, the United States and the defendant agree that this Plea Agreement, except for Paragraph 15(b) below, shall be rendered void.

(b)    If the Court does not accept the recommended sentence, the defendant will be free to withdraw its guilty pleas (Fed. R. Crim. P. 11(c)(5) and (d)).  If the defendant withdraws its pleas of guilty, this Plea Agreement, the guilty pleas, and any statement made in the course of any proceedings under Fed. R. Crim. P. 11 regarding the guilty pleas or this Plea Agreement or made in the course of plea discussions with an attorney for the government shall not be admissible against the defendant in any criminal or civil proceeding, except as otherwise provided in Fed. R. Evid. 410.  In addition, the defendant

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

agrees that, if it withdraws its guilty pleas pursuant to this subparagraph of this Plea Agreement, the statute of limitations period for any offense referred to in Paragraph 19 of this Plea Agreement shall be tolled for the period between the date of the signing of this Plea Agreement and the date the defendant withdrew its guilty pleas or for a period of sixty (60) days after the date of the signing of this Plea Agreement, whichever period is greater.

## DEFENDANT'S COOPERATION

16.     The defendant will cooperate fully and truthfully with the United States in the prosecution of this case, the conduct of the current federal investigation of violations of federal antitrust and related criminal laws involving the sale of ODDs in the United States and elsewhere, any other federal investigation resulting therefrom, and any litigation or other proceedings arising or resulting from any such investigation to which the United States is a party ("Federal Proceeding"). The full, truthful, and continuing cooperation of the defendant shall include, but not be limited to:

(a)     producing to the United States all non-privileged documents, information, and other materials, wherever located (and with translations into English), in the possession, custody, or control of the defendant, requested by the United States in connection with any Federal Proceeding;

(b)     securing the full, truthful, and continuing cooperation, as defined in Paragraph 18 of this Plea Agreement of Son Hyun Chul, Choi Jin Sung (aka Luke Choi), and Kim Hyun Soo (aka Jason Kim), including making such persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding; and

(c)     using its best efforts to secure the full, truthful, and continuing cooperation, as defined in Paragraph 17 of this Plea Agreement, of the current and former directors, officers, and employees of the defendant, in addition to those specified in subparagraph (b) above, as may be requested by the United States – but excluding Young

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

Keun Park, Sang Hun Kim, Sik Hur (aka Daniel Hur), and Woo Jin Yang (aka Eugene Yang) – including making these persons available in the United States and at other mutually agreed-upon locations, at the defendant's expense, for interviews and the provision of testimony in grand jury, trial, and other judicial proceedings in connection with any Federal Proceeding.

17.     The full, truthful, and continuing cooperation of each person described in either Paragraph 16(b) or 16(c) above will be subject to the procedures and protections of this paragraph, and shall include, but not be limited to:

(a)     producing in the United States and at other mutually agreed-upon locations all non-privileged documents, including claimed personal documents, and other materials, wherever located (and with translations into English), requested by attorneys and agents of the United States;

(b)     making himself or herself available for interviews in the United States and at other mutually agreed-upon locations, not at the expense of the United States, upon the request of attorneys and agents of the United States;

(c)     responding fully and truthfully to all inquiries of the United States in connection with any Federal Proceeding, without falsely implicating any person or intentionally withholding any information, subject to the penalties of making false statements (18 U.S.C. § 1001) and obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(d)     otherwise voluntarily providing the United States with any non-privileged material or information not requested in (a)-(c) of this paragraph that he may have that is related to any Federal Proceeding;

(e)     when called upon to do so by the United States in connection with any Federal Proceeding, testifying in grand jury, trial, and other judicial proceedings in the United States, fully, truthfully, and under oath, subject to the penalties of perjury (18 U.S.C. § 1621), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), contempt (18 U.S.C. §§ 401-402), and obstruction of justice (18 U.S.C. § 1503, *et seq.*); and

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

(f)      agreeing that, if the agreement not to prosecute him or her in this Plea Agreement is rendered void under Paragraph 19(c), the statute of limitations period for any Relevant Offenses as defined in Paragraph 19(a) shall be tolled as to him or her for the period between the date of the signing of this Plea Agreement and six (6) months after the date that the United States gave notice of its intent to void its obligations to that person under this Plea Agreement.

**GOVERNMENT'S AGREEMENT**

18.      Upon acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence, and subject to the cooperation requirements of Paragraph 16 of this Plea Agreement, the United States will not bring further criminal charges against the defendant for any act or offense committed before the date of this Plea Agreement that was undertaken in furtherance of any antitrust conspiracy involving the sale of ODDs or the scheme to defraud charged in Count Fifteen of the Information.  The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence.

19.      The United States agrees to the following:

(a)      Upon the Court's acceptance of the guilty plea called for by this Plea Agreement and the imposition of the recommended sentence and subject to the exceptions noted in Paragraph 19(c), the United States will not bring criminal charges against any current or former director, officer, or employee of the defendant for any act or offense committed before the date of this Plea Agreement and while that person was acting as a director, officer, or employee of the defendant that was undertaken in furtherance of an antitrust conspiracy or scheme to defraud involving the sale of ODDs ("Relevant Offenses"), except that the protections granted in this paragraph shall not apply to  Young Keun Park, Sang Hun Kim, Sik Hur (aka Daniel Hur), and Woo Jin Yang (aka Eugene Yang).

(b)      Should the United States determine that any current or former director, officer, or employee of the defendant may have information relevant to any Federal

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

Proceeding, the United States may request that person's cooperation under the terms of this Plea Agreement by written request delivered to counsel for the individual (with a copy to the undersigned counsel for the defendant) or, if the individual is not known by the United States to be represented, to the undersigned counsel for the defendant;

(c)   If any person requested to provide cooperation under Paragraph 19(b) fails to comply with his or her obligations under Paragraph 17, then the terms of this Plea Agreement as they pertain to that person, and the agreement not to prosecute that person granted in this Plea Agreement, shall be rendered void;

(d)   Except as provided in Paragraph 19(e), information provided by a person defined in Paragraph 19(b) to the United States under the terms of this Plea Agreement pertaining to any Relevant Offenses, or any information directly or indirectly derived from that information, may not be used against that person in a criminal case, except in a prosecution for perjury (18 U.S.C. § 1621), making a false statement or declaration (18 U.S.C. §§ 1001, 1623), or obstruction of justice (18 U.S.C. § 1503, *et seq.*);

(e)   If any person who provides information to the United States under this Plea Agreement fails to comply fully with his or her obligations under Paragraph 17 of this Plea Agreement, the agreement in Paragraph 19(d) not to use that information or any information directly or indirectly derived from it against that person in a criminal case shall be rendered void;

(f)   The nonprosecution terms of this paragraph do not apply to civil matters of any kind, to any violation of the federal tax or securities laws, or to any crime of violence; and

(g)   Documents provided under Paragraphs 16(a) and 17(a) shall be deemed responsive to outstanding grand jury subpoenas issued to the defendant.

20.   The United States agrees that when any person travels to the United States for interviews, grand jury appearances, or court appearances pursuant to this Plea Agreement, or for meetings with counsel in preparation therefor, the United States will take no action, based upon any Relevant Offenses, to subject such person to arrest, detention, or service of process, or to

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

- 14 -

prevent such person from departing the United States.  This paragraph does not apply to an individual's commission of perjury (18 U.S.C. § 1621), making false statements (18 U.S.C. § 1001), making false statements or declarations in grand jury or court proceedings (18 U.S.C. § 1623), obstruction of justice (18 U.S.C. § 1503, *et seq.*), or contempt (18 U.S.C. §§ 401 - 402) in connection with any testimony or information provided or requested in any Federal Proceeding.

21.     The defendant understands that it may be subject to administrative action by federal or state agencies other than the United States Department of Justice, Antitrust Division, based upon the conviction resulting from this Plea Agreement, and that this Plea Agreement in no way controls whatever action, if any, other agencies may take.  However, the Antitrust Division agrees that, if requested, it will advise the appropriate officials of any governmental agency considering such administrative action of the fact, manner, and extent of the cooperation of the defendant as a matter for that agency to consider before determining what administrative action, if any, to take.

## REPRESENTATION BY COUNSEL

22.     The defendant has been represented by counsel and is fully satisfied that its attorneys have provided competent legal representation.  The defendant has thoroughly reviewed this Plea Agreement and acknowledges that counsel has advised it of the nature of the charges, any possible defenses to the charges, and the nature and range of possible sentences.

## VOLUNTARY PLEA

23.     The defendant's decision to enter into this Plea Agreement and to tender guilty pleas is freely and voluntarily made and is not the result of force, threats, assurances, promises, or representations other than the representations contained in this Plea Agreement.  The United States has made no promises or representations to the defendant as to whether the Court will accept or reject the recommendations contained within this Plea Agreement.

## VIOLATION OF PLEA AGREEMENT

24.     The defendant agrees that, should the United States determine in good faith, during the period that any Federal Proceeding is pending, that the defendant has failed to provide full, truthful, and continuing cooperation, as defined in Paragraph 16 of this Plea Agreement, or

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

has otherwise violated any provision of this Plea Agreement, the United States will notify counsel for the defendant in writing by personal or overnight delivery or facsimile transmission and may also notify counsel by telephone of its intention to void any of its obligations under this Plea Agreement (except its obligations under this paragraph), and the defendant shall be subject to prosecution for any federal crime of which the United States has knowledge including, but not limited to, the substantive offenses relating to the investigation resulting in this Plea Agreement. The defendant may seek Court review of any determination made by the United States under this Paragraph to void any of its obligations under this Plea Agreement. The defendant agrees that, in the event that the United States is released from its obligations under this Plea Agreement and brings criminal charges against the defendant for any offense referred to in Paragraph 18 of this Plea Agreement, the statute of limitations period for such offense shall be tolled for the period between the date of the signing of this Plea Agreement and six (6) months after the date the United States gave notice of its intent to void its obligations under this Plea Agreement.

25.     The defendant understands and agrees that in any further prosecution of it resulting from the release of the United States from its obligations under this Plea Agreement based on the defendant's violation of this Plea Agreement, any documents, statements, information, testimony, or evidence provided by it or current or former directors, officers, or employees of it to attorneys or agents of the United States, federal grand juries, or courts, and any leads derived therefrom, may be used against it in any such further prosecution. In addition, the defendant unconditionally waives its right to challenge the use of such evidence in any such further prosecution, notwithstanding the protections of Fed. R. Evid. 410.

## ENTIRETY OF AGREEMENT

26.     This Plea Agreement constitutes the entire agreement between the United States and the defendant concerning the disposition of the criminal charges in this case. This Plea Agreement cannot be modified except in writing, signed by the United States and the defendant.

27.     The undersigned is authorized to enter this Plea Agreement on behalf of the defendant as evidenced by the Resolution of the Board of Directors of the defendant attached to, and incorporated by reference in, this Plea Agreement.

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

- 16 -

28.     The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

29.     A facsimile or PDF signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

BY:  _____

      Hyun Namkung
      General Counsel
      Hitachi-LG Data Storage, Inc.

BY:  _____

      Sidney A. Majalya
      Jacklin Chou Lem
      Manish Kumar
      Trial Attorneys
      U.S. Department of Justice
      Antitrust Division

Dated:  _____

Dated:  October 27, 2011

BY:  _____

      Cristina C. Arguedas
      Laurel Headley
      Counsel for Hitachi-LG Data Storage, Inc.
      Arguedas, Cassman & Headley LLP
      803 Hearst Avenue
      Berkeley, CA 94710
      Telephone: (510) 845-3000
      Fax: (510) 845-3003
      arguedas@achlaw.com

Dated:  _____

28.    The undersigned attorneys for the United States have been authorized by the Attorney General of the United States to enter this Plea Agreement on behalf of the United States.

29.    A facsimile or PDF signature shall be deemed an original signature for the purpose of executing this Plea Agreement.  Multiple signature pages are authorized for the purpose of executing this Plea Agreement.

BY: _____

Hyun Namkung
General Counsel
Hitachi-LG Data Storage, Inc.

BY: _____

Sidney A. Majalya
Jacklin Chou Lem
Manish Kumar
Trial Attorneys
U.S. Department of Justice
Antitrust Division

Dated: _October 18, 2011_

Dated: _____

BY: _____

Cristina C. Arguedas
Laurel Headley
Counsel for Hitachi-LG Data Storage, Inc.
Arguedas, Cassman & Headley LLP
803 Hearst Avenue
Berkeley, CA 94710
Telephone: (510) 845-3000
Fax: (510) 845-3003
arguedas@achlaw.com

Dated: _October 26, 2011_

PLEA AGREEMENT
U.S. v. HLDS, CR 11-00724-RS

- 17 -